# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCION LEE EDWARD BANKS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DAVID HOLBROOK,<br><br>　　　　Respondent. | Case No. 2:24-cv-05121-PA-GJS<br><br>**ORDER ACCEPTING AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody, the records on file, the Amended Report and Recommendation of the United States Magistrate Judge ("Report"), and Petitioner's objections to the Report. Further, the Court has made a *de novo* determination of the portions of the Report to which objections have been made.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice. (ECF No. 20.) Petitioner's objections to the Report (ECF No. 21) do not merit any change to the Report's findings or recommendations.

Petitioner objects that the prosecution presented false evidence, under *Napue v. Illinois*, 360 U.S. 264 (1959), consisting of text messages exchanged between Petitioner and the victim. (ECF No. 21 at 3-16.) The California Supreme Court's rejection of this claim was not objectively unreasonable. (ECF No. 11-80.)

Petitioner failed to show that any evidence was false.  (ECF No. 20 at 21-24.)  Petitioner had an opportunity to develop this claim before the state trial court, which held an evidentiary hearing and found that "it would require an inferential leap outside 'the realm of possibility'" to conclude that either the prosecutor or the evidence technician had manufactured evidence.  (*Id*. at 22; ECF No. 11-69 at 44.)  The state trial court's factual finding is entitled to a presumption of correctness that Petitioner has not overcome with clear and convincing evidence.  (ECF No. 20 at 22.)  To hold otherwise, "this Court would be required to engage in unwarranted inferential leaps and speculation based on a factual showing that is far from persuasive."  (*Id*. at 24.)

Petitioner objects that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to hire a forensic cellphone expert.  (ECF No. 21 at 16-28.)  The California Supreme Court's rejection of this claim was not objectively unreasonable.  (ECF No. 11-80.)  Petitioner had a post-trial hearing on this claim before the state trial court, during which trial counsel explained that, after reviewing the matter, he had made a strategic decision not to hire a forensic cellphone expert, because the records "proved not to reveal what [Petitioner] thought they did[.]"  (ECF No. 20 at 28; ECF No. 11-69 at 18.)  It was not objectively reasonable for the state court to conclude that trial counsel's decision "was within the realm of reasonable professional assistance."  (ECF No. 20 at 30.)  Moreover, because there is no evidence of what such an expert would have said, any prejudice under *Strickland* from trial counsel's failure to hire an expert is entirely speculative.  (*Id*. at 31.)

Petitioner objects that his appellate counsel was ineffective for failing to use a forensic cellphone expert competently.  (ECF No. 21 at 28-34.)  The California Supreme Court's rejection of this claim was not objectively unreasonable.  (ECF No. 11-80.)  Appellate counsel did take "significant investigatory efforts," including hiring an expert and monitoring an extraction performed by another

expert. (ECF No. 20 at 36.) Appellate counsel then concluded, "I feel like the upshot of all of this is that the data on the phones support, rather than undermine, the prosecution narrative" and that the results "are not helpful to the defense." (ECF No. 1 at 85.) Appellate counsel's efforts were "within the wide range of reasonable professional assistance." (ECF No. 20 at 36.)

    IT IS ORDERED that (1) the Amended Report and Recommendation is approved and accepted; (2) the Petition is denied; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: July 3, 2025

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE